OPINION
Defendant-appellant James Greenwalt appeals the August 7, 2000 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, which adjudicated him a "sexually oriented offender," as defined in R.C.2950.09(D). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On September 12, 1991, following a three week trial, a jury found appellant guilty of forty-two counts of rape, in violation of R.C.2907.02(A)(1)(b); and guilty of twenty-six counts of sexual battery, in violation of R.C. 2907.03(A)(5). The jury found appellant not guilty of twenty-three counts of rape; and forty-three counts of sexual battery. The trial court memorialized the jury's verdicts via Judgment Entry filed September 13, 1991. The trial court sentenced appellant to a term of life imprisonment on the first rape count as the jury found appellant purposely compelled his victim to submit by force, and indefinite terms of imprisonment of ten to twenty-five years on the other rape counts. The trial court further sentenced appellant to definite terms of imprisonment of two years on each of the sexual battery counts. The trial court ordered all of the terms of imprisonment be served consecutively to each other. The trial court memorialized the sentences via Judgment Entry filed September 17, 1991. This Court affirmed the convictions and sentences via Judgment Entry and Memorandum-Opinion filed November 23, 1992. State v. Greenwalt (Nov. 23, 1992), Tusc. App. No. 91AP090072, unreported. Pursuant to R.C. 2950.09, the trial court scheduled an adjudicatory hearing to determine appellant's classification as a sexual offender. The Tuscarawas County Sheriff's Department transported appellant to the trial court for the scheduled hearing. At the hearing, the trial court explained to appellant the reason for the hearing and the three possible classifications. The prosecuting attorney advised the trial court the State did not have sufficient evidence to support the classification as either a "habitual sexual offender" or "sexual predator." The prosecutor submitted the appropriate classification for appellant was a "sexually oriented offender." The trial court informed appellant of the registration and notification requirements of each of the classifications, and stated its agreement with the State's assessment. The trial court advised appellant of his right to an attorney, however, appellant indicated his desire "to get it over with as quickly as I can." T. at 10. Thereafter, on the record, the trial court adjudicated appellant a "sexually oriented offender." The trial court memorialized the adjudication via Judgment Entry filed August 7, 2000. It is from this judgment entry appellant prosecutes his appeal, raising the following assignments of error:
 I. THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS AND SUFFICIENT NOTICE AND JURY TRIAL CONSIDERATIONS, AS GUARANTEED BY THE SIXTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, IN RELATION TO THE TRIAL COURT'S DETERMINATION THAT DEFENDANT-APPELLANT IS A SEXUALLY ORIENTATED OFFENDER.
 II. THE COURT OF COMMON PLEAS PREJUDICIALLY ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN DETERMINING THAT DEFENDANT-APPELLANT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVED HIS RIGHT TO HAVE LEGAL COUNSEL APPOINTED TO REPRESENT HIM AT THE SEXUAL OFFENDER STATUS DETERMINATION HEARING.
This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part: (E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I
Herein, appellant maintains he was denied due process and sufficient notice relative to the trial court's adjudicating him a "sexually oriented offender." Specifically, appellant maintains R.C. 2950.09
violates the Retroactivity Clause of the Ohio Constitution and the Ex Post Facto Clause of the United States Constitution. We overrule appellant's first assignment of error on the authority of State v. Cook (1998), 83 Ohio St.3d 404. We agree with the State, appellant's reliance on Apprendi v. New Jersey (2000), 120 S.Ct. 2348, is inapplicable to the instant case as the Ohio Supreme Court has deemed the registration requirements under R.C. Chapter 2950 not to be a penalty for the underlying crime. Appellant's first assignment of error is overruled.
 II
In his second assignment, appellant contends the trial court erred in finding he knowingly, intelligently, and voluntarily waived his right to counsel at the sexual offender status determination hearing. Initially, we note appellant has mistakenly advised this Court that a transcript of the proceedings was not prepared, despite his request. The record does, in fact, contain a transcript of the August 4, 2000 proceedings. We have reviewed the transcript and find the trial court's determination appellant knowingly, intelligently, and voluntarily waived his right to counsel is supported by the record. Appellant's second assignment of error is overruled.
The judgment entry of the Tuscarawas County Court of Common Pleas is affirmed.
Hoffman, J. Gwin, P.J. and Edwards, J. concur